**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINA**
**Alexandria Division**

| | |
|---|---|
| CHRISTINE WILSON<br>20845 Ashburn Heights Drive<br>Ashburn, VA 20148<br><br>    *Plaintiff, on behalf of herself*<br>    *and all others similarly situated*,<br><br>    *v.*<br><br>BROOKFIELD WASHINGTON, L.L.C.<br>t/a BROOKFIELD RESIDENTIAL<br>3201 Jermantown Road, Suite 150<br>Fairfax, VA 22030<br><br>    **Serve Registered Agent:**<br>    Robert C Hubbell<br>    3201 Jermantown Road, Suite 150<br>    Fairfax, VA 22030<br><br>BROOKFIELD MANAGEMENT WASHINGTON,<br>L.L.C., t/a BROOKFIELD RESIDENTIAL<br>3201 Jermantown Road, Suite 150<br>Fairfax, VA 22030<br><br>    **Serve Registered Agent:**<br>    Robert C Hubbell<br>    3201 Jermantown Road, Suite 150<br>    Fairfax, VA 22030<br><br>BROOKFIELD - STEPHENSON, L.L.C.,<br> t/a BROOKFIELD RESIDENTIAL<br>3201 Jermantown Road, Suite 150<br>Fairfax, VA 22030<br><br>    **Serve Registered Agent:**<br>    Kimberly S Mackmin<br>    3201 Jermantown Road, Suite 150<br>    Fairfax, VA 22030<br><br>BROOKFIELD AUTUMN HILL, L.L.C.,<br>t/a BROOKFIELD RESIDENTIAL | Civil Action No. 1:22-cv-215<br><br>**JURY TRIAL DEMANDED** |

3201 Jermantown Road, Suite 150  )
Fairfax, VA 22030  )
  )
  **Serve Registered Agent:** )
  Kimberly S Mackmin )
  3201 Jermantown Road, Suite 150 )
  Fairfax, VA 22030 )
  )
BROOKFIELD AVENDALE, LLC., )
t/a BROOKFIELD RESIDENTIAL )
3201 Jermantown Road, Suite 150 )
Fairfax, VA 22030 )
  )
  **Serve Registered Agent:** )
  Kimberly S Mackmin )
  3201 Jermantown Road, Suite 150 )
  Fairfax, VA 22030 )
  )
BROOKFIELD BELMONT, LLC., )
t/a BROOKFIELD RESIDENTIAL )
3201 Jermantown Road, Suite 150 )
Fairfax, VA 22030 )
  )
  **Serve Registered Agent:** )
  Kimberly S Mackmin )
  3201 Jermantown Road, Suite 150 )
  Fairfax, VA 22030 )
  )
BROOKFIELD BOLOGNESE, L.L.C., )
t/a BROOKFIELD RESIDENTIAL )
3201 Jermantown Road, Suite 150 )
Fairfax, VA 22030 )
  )
  **Serve Registered Agent:** )
  Kimberly S Mackmin )
  3201 Jermantown Road, Suite 150 )
  Fairfax, VA 22030 )
  )
BROOKFIELD BRAEMAR II, LLC., )
t/a BROOKFIELD RESIDENTIAL )
3201 Jermantown Road, Suite 150 )
Fairfax, VA 22030 )
  )
  **Serve Registered Agent:** )
  Kimberly S Mackmin )
  3201 Jermantown Road, Suite 150 )

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

Fairfax, VA 22030                                           )
                                                            )
BROOKFIELD BRAEMAR, LLC.,                                   )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
          **Serve Registered Agent:**                       )
          Kimberly S Mackmin                                )
          3201 Jermantown Road, Suite 150                   )
          Fairfax, VA 22030                                 )
                                                            )
BROOKFIELD BROOKSIDE, LLC.,                                 )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
          **Serve Registered Agent:**                       )
          Kimberly S Mackmin                                )
          3201 Jermantown Road, Suite 150                   )
          Fairfax, VA 22030                                 )
                                                            )
BROOKFIELD DEL RAY, LLC.,                                   )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
          **Serve Registered Agent:**                       )
          Kimberly S Mackmin                                )
          3201 Jermantown Road, Suite 150                   )
          Fairfax, VA 22030                                 )
                                                            )
BROOKFIELD EMBREY MILL, LLC.,                               )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
          **Serve Registered Agent:**                       )
          Kimberly S Mackmin                                )
          3201 Jermantown Road, Suite 150                   )
          Fairfax, VA 22030                                 )
                                                            )
BROOKFIELD GOOSE CREEK PRESERVE, LLC,                       )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

)
**Serve Registered Agent:**            )
Kimberly S Mackmin                     )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
BROOKFIELD FRANKLIN PARK, L.L.C.,      )
t/a BROOKFIELD RESIDENTIAL             )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
**Serve Registered Agent:**            )
Kimberly S Mackmin                     )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
BROOKFIELD KIMMITT, LLC.,              )
t/a BROOKFIELD RESIDENTIAL             )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
**Serve Registered Agent:**            )
Kimberly S Mackmin                     )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
BROOKFIELD MARQUETTE, L.L.C.,          )
t/a BROOKFIELD RESIDENTIAL             )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
**Serve Registered Agent:**            )
Kimberly S Mackmin                     )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
BROOKFIELD MORRIS, L.L.C..,            )
t/a BROOKFIELD RESIDENTIAL             )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )
**Serve Registered Agent:**            )
Kimberly S Mackmin                     )
3201 Jermantown Road, Suite 150        )
Fairfax, VA 22030                      )
                                       )

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

BROOKFIELD PIONEER, L.L.C.,                    )
t/a BROOKFIELD RESIDENTIAL                     )
3201 Jermantown Road, Suite 150                )
Fairfax, VA 22030                              )
                                               )
    **Serve Registered Agent:**                )
    Kimberly S Mackmin                     )
    3201 Jermantown Road, Suite 150        )
    Fairfax, VA 22030                      )
                                               )
BROOKFIELD RIDGE ROAD, L.L.C.,                 )
t/a BROOKFIELD RESIDENTIAL                     )
3201 Jermantown Road, Suite 150                )
Fairfax, VA 22030                              )
                                               )
    **Serve Registered Agent:**                )
    Kimberly S Mackmin                     )
    3201 Jermantown Road, Suite 150        )
    Fairfax, VA 22030                      )
                                               )
BROOKFIELD SARANAC, L.L.C.,                    )
t/a BROOKFIELD RESIDENTIAL                     )
3201 Jermantown Road, Suite 150                )
Fairfax, VA 22030                              )
                                               )
    **Serve Registered Agent:**                )
    Kimberly S Mackmin                     )
    3201 Jermantown Road, Suite 150        )
    Fairfax, VA 22030                      )
                                               )
BROOKFIELD STEPHENSON VILLAGE, L.L.C.,         )
t/a BROOKFIELD RESIDENTIAL                     )
3201 Jermantown Road, Suite 150                )
Fairfax, VA 22030                              )
                                               )
    **Serve Registered Agent:**                )
    Kimberly S Mackmin                     )
    3201 Jermantown Road, Suite 150        )
    Fairfax, VA 22030                      )
                                               )
BROOKFIELD SWAN POINT, L.L.C.,                 )
t/a BROOKFIELD RESIDENTIAL                     )
3201 Jermantown Road, Suite 150                )
Fairfax, VA 22030                              )
                                               )
    **Serve Registered Agent:**                )

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

Kimberly S Mackmin                                          )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
BROOKFIELD VINT HILL, L.L.C.,                               )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
    **Serve Registered Agent:**        )
    Kimberly S Mackmin                  )
    3201 Jermantown Road, Suite 150     )
    Fairfax, VA 22030                   )
                                                            )
BROOKFIELD WATERFORD MANOR LLC.,                            )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
    **Serve Registered Agent:**        )
    Kimberly S Mackmin                  )
    3201 Jermantown Road, Suite 150     )
    Fairfax, VA 22030                   )
                                                            )
BROOKFIELD WATERFORD MANOR, LLC.,                           )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
    **Serve Registered Agent:**        )
    Kimberly S Mackmin                  )
    3201 Jermantown Road, Suite 150     )
    Fairfax, VA 22030                   )
                                                            )
BROOKFIELD WINCHESTER, L.L.C.,                              )
t/a BROOKFIELD RESIDENTIAL                                  )
3201 Jermantown Road, Suite 150                             )
Fairfax, VA 22030                                           )
                                                            )
    **Serve Registered Agent:**        )
    Kimberly S Mackmin                  )
    3201 Jermantown Road, Suite 150     )
    Fairfax, VA 22030                   )
                                                            )
BROOKFIELD WOODSTREAM                                       )
CONDOMINIUMS, LLC.,                                         )

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

t/a BROOKFIELD RESIDENTIAL   )
3201 Jermantown Road, Suite 150  )
Fairfax, VA 22030      )
             )
   **Serve Registered Agent:** )
   Kimberly S Mackmin   )
   3201 Jermantown Road, Suite 150 )
   Fairfax, VA 22030    )
             )
BROOKFIELD WOODSTREAM, L.L.C., )
t/a BROOKFIELD RESIDENTIAL   )
3201 Jermantown Road, Suite 150  )
Fairfax, VA 22030      )
             )
   **Serve Registered Agent:** )
   Kimberly S Mackmin   )
   3201 Jermantown Road, Suite 150 )
   Fairfax, VA 22030    )
             )
BROOKFIELD-CRIMMINS, LLC.,   )
t/a BROOKFIELD RESIDENTIAL   )
3201 Jermantown Road, Suite 150  )
Fairfax, VA 22030      )
             )
   **Serve Registered Agent:** )
   Kimberly S Mackmin   )
   3201 Jermantown Road, Suite 150 )
   Fairfax, VA 22030    )
             )
BROOKFIELD/LANSDOWNE, LLC.,  )
t/a BROOKFIELD RESIDENTIAL   )
3201 Jermantown Road, Suite 150  )
Fairfax, VA 22030      )
             )
   **Serve Registered Agent:** )
   Kimberly S Mackmin   )
   3201 Jermantown Road, Suite 150 )
   Fairfax, VA 22030    )
             )
       *Defendants.* )
             )

…………………………………………………………………………………………

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

## CLASS ACTION COMPLAINT

Plaintiff Christine Wilson, acting on behalf of herself and all others similarly situated ("Class Members"), brings this action for damages against Defendants Brookfield Washington LLC, *et al*., all of whom are trading as Brookfield Residential (and all of whom are collectively referred to herein as "Brookfield Residential" or "Defendants"). Plaintiffs' allegations are based upon personal knowledge as to herself and her own actions, and upon information and belief as to all other matters.

### Nature of the Case

1.      This is a civil class action brought by Plaintiff on behalf of all owners and consumers who purchased new residential homes, townhomes, or condominiums from Brookfield Residential in Virginia since the year 2001.  There are over 500 Plaintiffs who are members of the Class.

2.      All of the damages incurred and all the acts performed that are the heart of this dispute occurred in the Commonwealth of Virginia.   Jurisdiction in this Court is therefore appropriate and venue in this forum is proper.

3.       Unbeknown to Plaintiffs and Class Members (defined below), at the time of their purchase, and contrary to the express and implied representations made by Defendants in the Parties' respective Virginia Agreement of Sale, Brookfield Residential was not licensed as a Class A contractor as required under the Virginia contractor license statute, with the sole exception of Brookfield Washington Management, L.L.C. ("Brookfield Management"), which renders each and every the Agreement for Sale illegal and unenforceable by the Defendants. Virginia Codes §§54.1-1101(D), 54.1-1103(A) and 54.1-1115.

4.      It is a violation of the Virginia Consumer Protection Act (§59.1-196 *et seq*.) if any person undertakes work in Virginia without a valid contractor's license, when a license is required, when it involves a consumer transaction as defined in the Virginia Consumer Protection Act. The penalties for violations include a fine in the amount not to exceed $500 per day for each day that such person is in violation in addition to the authorized penalties for the commission of a Class 1 misdemeanor. Va. Code §54.1-1115.

5.      Each of the Virginia Agreements of Sale between the Plaintiff and the Class Members involve the purchase of a single-family home that meets the definition of a consumer transaction.

6.      As a result of the violations of the Virginia Consumer Protection Act, Plaintiff and Class Members have been, and continue to be harmed by having purchased homes under false pretenses, being denied statutory warranties, having to pursue remedies either with a third-party limited warranty company or being denied remedies based on the unenforceable contract and resulting emotional distress therefrom, unlawfully being required to waive statutory warranties, defaults and breaches of contract and all other remedies under an unenforceable agreement.

7.      Plaintiffs and the Class Member thus bring claims for violations of the Virginia Consumer Protection Act, and seeking equitable relief, actual money damages suffered or the minimum statutory damages as allowed by the Virginia Consumer Protection Act, whichever is greater, and reasonable attorneys' fees incurred in bringing this action.

8.      This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).  There are at least 500 members in the proposed class and potentially thousands, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs.

9.      The Defendants have sufficient contacts with Virginia to be subject to this Court's personal jurisdiction. Defendants intentionally avail themselves of the markets within Virginia through the soliciting, engagement, promotion, sale, marketing, and distribution, ordering and construction of residential homes, which renders this Court's exercise of jurisdiction necessary and proper.

10.     In accordance with 28 U.S.C. §1391, venue is proper in this District because a substantial part of the conduct giving rise to Plaintiffs' claims occurred in Virginia, Defendants transacts business in Virginia, and the Defendants' primary headquarters is located in Fairfax, Virginia, but owner membership of the Defendants' LLCs and/or incorporations lie outside of Virginia.

## PARTIES

11.     Plaintiff Christine Wilson, trustee, is a Virginia resident and owner of 20845 Ashburn Heights Drive Ashburn, VA 20148. Plaintiff is an individual who owns a single-family townhome who brings this action on behalf of herself and all other similarly situated Class Members.

12.     Defendant BROOKFIELD WASHINGTION, L.L.C., trading as BROOKFIELD RESIDENTIAL, is a Delaware limited liability company with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030.  Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

13.     Defendant BROOKFIELD MANAGEMENT WASHINGTON, L.L.C. trading as BROOKFIELD RESIDENTIAL (hereinafter "Brookfield Management"), is a Virginia limited

liability company with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030.  Brookfield Management Washington, LLC was the managing member of Brookfield Goose Creek Preserve, LLC, the seller of the Plaintiff's property that is the subject matter of this lawsuit and is involved in the business of building or selling new dwellings in Virginia.  It is represented in the Agreement of Sale that both parties are trading as Brookfield Residential (hereinafter referred to as "Brookfield Residential")[1] (Exhibit 1, ¶23).

14.    Brookfield Management has a Virginia Class A Building Contractor License, No. 2705065236, and was the builder of the homes for the Class Members whose property is the subject matter of this lawsuit and is involved in the business of building or selling new dwellings in Virginia.  Brookfield Management's Class A license is listed on page 18 of the Virginia Agreement of Sale, directly below the parties' signatures.  (Exhibit 1, p. 18).

15.    Defendant BROOKFIELD - STEPHENSON, L.L.C., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

16.    Defendant BROOKFIELD AUTUMN HILL, L.L.C., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite

---

[1]    No such entity is registered with Virginia State Corporation Commission as a trading/fictious name as Brookfield Residential. See Exhibit 2.

150, in Fairfax, Virginia, 22030. The sole member of this Defendant is Brookfield Washington, LLC. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

17.    Defendant BROOKFIELD AVENDALE, LLC, trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

18.    Defendant BROOKFIELD BELMONT, LLC, trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

19.    Defendant BROOKFIELD BOLOGNESE, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building

or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

20.     Defendant BROOKFIELD BRAEMAR, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

21.     Defendant BROOKFIELD BRAEMAR II, LLC trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive and with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

22.     Defendant BROOKFIELD BROOKSIDE, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

23.     Defendant BROOKFIELD -CRIMMINS, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

24.     Defendant BROOKFIELD DEL RAY, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

25.     Defendant BROOKFIELD EMBREY MILL, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

26.     Defendant BROOKFIELD FRANKLIN PARK, LLC, trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State

Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

27.     Defendant BROOKFIELD GOOSE CREEK PRESERVE, L.L.C. (hereinafter referred to as Brookfield Goose") was a Virginia limited liability company, which voluntarily canceled to inactive status on March 29, 2017. Its principal place of business was located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030.  Brookfield Goose was the seller of the property that is the subject matter of this lawsuit and was engaged in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute. It is represented in the Agreement of Sale that Brookfield Goose and Brookfield Management Washington L.L.C. were entities trading as Brookfield Residential. (Exhibit 1, ¶23).

28.     Defendant BROOKFIELD KIMMITT, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

29.     Defendant BROOKFIELD/ LANSDOWNE, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State

Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

30.     Defendant BROOKFIELD, MARQUETTE LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

31.     Defendant BROOKFIELD MORRIS, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

32.     Defendant BROOKFIELD PIONEER, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class

Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

33. Defendant BROOKFIELD RIDGE ROAD, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

34. Defendant BROOKFIELD SARANAC, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

35. Defendant BROOKFIELD STEPHENSON VILLAGE, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved

in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

36.    Defendant BROOKFIELD SWAN POINT, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

37.    Defendant BROOKFIELD VINT HILL, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute

38.    Defendant BROOKFIELD WATERFORD MANOR, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as active with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

39.     Defendant BROOKFIELD WATERFRONT MANOR LLC, trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

40.     Defendant BROOKFIELD WINCHESTER, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

41.     Defendant BROOKFIELD WOODSTREAM, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

42.     Defendant BROOKFIELD WOODSTREAM CONDOMINIUMS, LLC., trading as BROOKFIELD RESIDENTIAL, is a Virginia limited liability company registered with the

Virginia State Corporation as inactive with its principal place of business located at 3201 Jermantown Road, Suite 150, in Fairfax, Virginia, 22030. Defendant is the owner-developer and seller of property to Class Members in Virginia that is the subject matter of this lawsuit, is involved in the business of building or selling new dwellings in Virginia and is not licensed as a Class A contractor as required by the contracting license statute.

43.    Defendants have a myriad of multiple layers of membership and sub-memberships in unincorporated associations and corporations, with similar and confusing names. However, the Defendants have plead diversity in a very recent related matter in the Eastern District that none of the Defendants' entities in its diversity chain are owned or controlled by a Brookfield entity with citizenship in Virginia.[2]

**Factual Background**

44.    This case involves the purchases of residential homes between the Plaintiffs and the Defendants where it was only recently discovered that the Agreements for Sale were unenforceable as the Brookfield Residential was not licensed as a contractor as required under Virginia law.

45.    On February 5, 2017, Plaintiff signed a Virginia Agreement of Sale with Brookfield Goose Creek Preserve, LLC, ("Brookfield Goose") whose managing member was Brookfield Washington, LLC (hereinafter referenced as the "Agreement") for the purchase of Lot 2256,

---

[2]    In a related matter filed in the Eastern District, *Lappat v Brookfield Washington LLC*, Case No. 1:21-cv-02163-LMB-TCB, see ECF 2, and ECF 14, the Defendants, Brookfield Washington and Brookfield Management, filed a Rule 7.1 Disclosure Statement, in which Defendants represented that all of Brookfield Residential entities are ultimately "owned and controlled by Brookfield Asset Management Inc., a corporation organized and principally located in Ontario, Canada" and/or "Brookfield US Inc., and Brookfield Residential Properties Inc."

located at 20845 Ashburn Heights Drive Ashburn, VA 20148. (Attached as Exhibit 1 is a true and correct copy of the Agreement).

46.     Plaintiffs' property was conveyed on or about February 27, 2017.

47.     The Agreement identifies the Plaintiff, Christine Wilson, as the "Purchaser", and Brookfield Goose as the "Seller", and Brookfield Washington, L.L.C. as the "Builder or Manager" with both Brookfield entities trading as Brookfield Residential.

48.     There is a builder contract or agreement between Brookfield Goose and Brookfield Management.  Brookfield Management, d/b/a Brookfield Residential, which was "utilized" by Brookfield Goose in the selling, soliciting, advertising, marketing, designing and construction of the dwelling which is the subject matter of this lawsuit. (Exhibit 1¶23). Defendants did not provide or make the Plaintiff (or any other Class Member) a third-party beneficiary to the builder contract.

49.     The Defendants created limited liability companies' to be sellers of their residential properties to Class Members in Virginia.

50.     These limited liability companies created by the Defendants were not Class A licensed contractors in Virginia.

51.     The Defendants created these unlicensed contractor entities to act as the seller of the Defendants' residential homes in an attempt to eliminate privity of contract between the purchaser and builder.

52.     The Defendant Brookfield Goose and all other Defendant's named herein except Brookfield Management is an "owner developer" as defined by Virginia Code §54.1-1100 to wit:

"Owner-Developer" means any person who, for a third-party purchaser, orders or supervises the construction, removal, repair, or improvement of any building or structure permanently annexed to real property owned, controlled, or leased by the

owner-developer, or any other improvement to such property and who contracts with a person licensed in accordance with this chapter for the work undertaken.

53.     No person shall engage in, or offer to engage in, contracting work in the Commonwealth of Virginia unless he has been licensed under the provisions of this chapter. §54.1-1103 (A).

54.     Any person applying to the building official or any other authority of a county, city, or town in this Commonwealth shall furnish prior to the issuance of the permit proof that he is duly licensed under the terms of the chapter or that he is not subject to the licensure of this chapter. §54.1-1111(A).

55.     For an owner-developer to be exempt to the contracting license statute, the owner-developer must provide that any third-party purchaser is made a third-party beneficiary to the contract between the owner-developer and a licensed contractor whereby the contractor's obligation to perform the contract extends to both the owner-developer and the third-party. §54.1-1101.

56.     In the Commonwealth of Virginia, it is a prohibited act under §54.1-1115(A) and shall constitute the commission of a Class 1 Misdemeanor, in part:

   a.  Contracting for, or bidding upon the construction, removal or improvements to or upon real property owned, controlled or leased by another person without a license or certificate, or without the proper class of license."

   b.  Attempting to practice contracting in the Commonwealth, except as provided for in this chapter."

   c.  Presenting or attempting to use the license or certificate of another.

57.     In the Commonwealth of Virginia, it is a prohibited act under §54.1-1115(B) and shall constitute the commission of a Class 1 Misdemeanor, in part:

> "Any person who undertakes work without (i) any valid Virginia contractor's license or certificate when a license or certificate is required by this chapter or (ii) the proper class of license as defined in § 54.1-1100 for the work undertaken, shall be fined an amount not to exceed $500 per day for each day that such person is in violation, in addition to the authorized penalties for the commission of a Class 1 misdemeanor. Any violation of clause (i) of this subsection shall also constitute a prohibited practice in accordance with § 59.1-200, provided that the violation involves a consumer transaction as defined in the Virginia Consumer Protection Act (§ 59.1-196 et seq.), and shall be subject to any and all of the enforcement provisions of the Virginia Consumer Protection Act."

58.     Owner-developers' are required to have a contracting license in Virginia, unless they comply with the exemption requirements of Virginia Code §54.1-1101(A)(11):

> "Any owner-developer, provided that any third-party purchaser is made a third-party beneficiary to the contract between the owner-developer and a licensed contractor whereby the contractor's obligation to perform the contract extends to both the owner-developer and the third party,:

59.     In Virginia, if an owner-developer is not licensed, then the purchaser is required to be added as a third-party beneficiary to the contract between the owner-developer and the builder.

60.     The Defendants are sophisticated real estate land developers engaged in real estate construction across the United States and Canada. The Defendants have been developing land for

residential sale in Virginia and the Washington DC areas since approximately 1988. Brookfield Washington, LLC began on or about 2001. The Defendants have teams of accounts and attorneys who administer these companies. The companies that ultimately own and control the entities in Virginia are Brookfield Asset Management Inc., Brookfield Residential Properties Inc., Brookfield US Inc., some of whom who are registered with the Securities and Exchange Commission as the companies are publicly traded on the New York Stock Exchange.

61.     Prior to Brookfield Washington, LLC, the Defendants created another Brookfield entity, Brookfield Washington Inc., which had a Virginia Class A contractor's license from 08-22-1988 to 08-31-2004. Upon information and belief, Brookfield Washington, Inc. was also an owner-developer within the Commonwealth of Virginia and seller of Brookfield Homes.

62.     The Defendants had actual knowledge of the license requirement. The Defendants specifically stated in the Agreement for sale that they were not contractors nor are they seeking payment so they cannot take safe harbor under the statute.

63.     Moreover, the Defendants chose to create entities who were not licensed as Virginia contractors to act as owner-developers' in an effort to circumvent privity of contract between the builder and purchaser in order to minimize liability and contact with the purchasers, exclude purchasers as third-party beneficiaries and include waivers of warranty and remedies in form Sale Agreements.

64.     On February 5, 2017, the Plaintiff purchased her home from Brookfield Goose.

65.     Defendant Brookfield Goose was an owner-developer and was not a licensed contractor in the Commonwealth of Virginia.

66.     Brookfield Goose and Brookfield Management were trading together as Brookfield Residential.

67.    Brookfield Goose was engaged in the sale of the residential homes and contracted with Brookfield Management, a licensed Class A contractor, to undertake the "marketing, designing and constructing the dwelling".

68.    At no time has Defendant Brookfield Goose and all Brookfield Sellers, as Owner-Developer, entities possessed the requisite license required to build and contract with purchasers for residential homes in the Commonwealth of Virginia.

69.    Brookfield Goose was attempting to use the Class A contractor license of Brookfield Management.

70.    The Defendants expressly and implicitly represented that Seller will cause to be or has erected a dwelling in accordance with all local requirements for building permits, inspections, zoning. (Exhibit 1 ¶1).

71.    The Plaintiff and all Class Members believed they were contracting with someone allegedly "in the business" of building residential homes in Virginia and trusted that Brookfield Goose and all the Defendants' owner-developer entities were competent, qualified, and legally able to make good on its representation that they were complying with Virginia law and builder licensing requirements.   In doing so, Plaintiffs had no knowledge that the Defendants representations were false or that no one at Brookfield Goose had the requisite contracting license. And unbeknownst to Plaintiffs and contrary to Brookfield Goose and all the Defendants' owner-developer entities representations, the Defendants had no intention of being licensed or making the Plaintiffs third-party beneficiaries to the Sales Agreement as required by Virginia law.

72.    Because of these misrepresentations, the Plaintiff and all Class Members did not get the benefit of their bargain that they were engaged with an entity who was a Virginia Class A

contractor and was knowledgeable of the industry standards, customs, and requirements to build a residential home in the Commonwealth of Virginia.

73.    The Defendants presented all the Class Members purchasers with a similar form agreement as the Plaintiff's Agreement, which was the same or substantially similar contracts that sought to waived the Class Member's statutory warranties, remedies for default, breach of contract and all other legal remedies vis á vis the Agreement for Sale. Exhibit 1¶¶ 7, 10, 13, 16, 17 and 33.

74.    The Defendants use the non-registered fictious name of Brookfield Residential to misrepresent the identities of the seller and builder as one entity.

75.    In the Agreement the Defendants unlawfully state that "Brookfield Residential has no liability or obligation whatsoever pertaining to this Agreement." Exhibit 1 ¶23

76.    What the Plaintiff and all Class Members did not know was that Brookfield Goose and all related Seller limited liability entities could not legally "engage in" or "offer to engage in" the construction of residential homes and thus could not provide or sign the Agreement for Sale unless they were a licensed Class A contractor or specifically allowed for the purchases to be third-party beneficiaries of the contract between Brookfield Goose and Brookfield Management, which they failed to do.

77.    The Class Representative, Christine Wilson, has had the following issues with her property to wit:

      a.  Water intrusion from roof resulting in high levels of mold spores

      b.  Water intrusion from living room ceiling resulting in high levels of mold spores

      c.  Stove leaks gas

      d.  HVAC does not work properly

      e.  Toilets have rust water and mold in them

f.  The attach fan does not work properly

g.  Inferior interior painting

h.  Light in bathroom caught on fire

i.  Ice maker did not work

j.  Dryer did not work properly

k.  Dishwasher did not work properly

l.  Floor and/or subfloor in kitchen not installed properly

m. Floor and/or subfloor in master bath not installed properly

n.  Windows did not work properly

o.  Irrigation systems did not work properly

78.     The Plaintiff noticed water intrusion from a roof leak when she first moved into the home in May of 2017. She was told by Brookfield's employee Terry Kerns that it was normal for some water to come in.  Water leaked into attic and then down into the levels below causing water damage in the bathroom, dryer area and living room ceiling on second level. When the Plaintiff complained again, she was told it was her fault that she had done something wrong.

79.     By October 2017 several other homeowners complained of water intrusions, and it was discovered that several homes on the street did not have a vent cap on the roof vent. Terry Kerns admitted that they had forgotten to put the vent cap on several homes and said they would fix the damage.  Brookfield came out to the Plaintiff's home and replaced the vent cap and looked at her dryer in October 2017, but when the Plaintiff asked Mr. Kerns about the water damage to her living room ceiling Mr. Kerns was silent and Brookfield never returned.

80.     Subsequently, the Plaintiff began to get sick with massive head pain and headaches and difficulty breathing.  Her dog Taz, also experienced sickness and lethargy. The Plaintiff and

her dog had to sleep in the garage and outside porch for two years. In 2021, the fireplace stopped working and the Plaintiff called a service technician who diagnosed the problem as gas leaking from her stove. The Loudoun County fire department determined that the gas leak was caused by improperly installed gas fittings.

81. Since the Defendants refused to make the water damage repairs that resulted from the roof leaking, the Plaintiff was forced to call her insurance company and request that they make the repairs. In repairing the water damage, the insurance company determined that the water damage had caused high levels of mold, which had to be remediated, which they performed. The Plaintiff has since been diagnosed with cancer as a result of the mold and gas leak. The Plaintiff incurred damages in the approximate amount of thirty (30) thousand dollars.

## Class Action Allegations

82. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

83. Plaintiff proposes the following Class definitions, subject to amendment based on information obtained through discovery, and seeks certification of the following Damage Class:

> Purchaser Class: All persons or entities who were purchasers of a residential home in Virginia from the Defendants wherein the Seller in the Agreement for Sale was an entity owned or controlled by the Defendants that was an unlicensed Class A contractor.

84. Excluded from the Classes are any of Defendant's officers and directors; any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

85.    Plaintiff reserves the right to amend the definitions of the Classes or add a Class if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

86.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

87.    <u>Numerosity</u>.  The members of the Classes are so numerous that joinder of whom in one all of them in one action is impracticable. While the exact number of Class Members is not ascertainable and identifiable to Plaintiff at this time, based on information and belief, public records indicate that the total number of Class Members is greater than five-hundred (500) and potentially considerably higher in the thousands, which is great enough that such joinder is impracticable.  The identity and location of class members may be identified from the records maintained and possessed by the Defendants or their representatives. The disposition of claims of these Class Members in a single action will provide substantial benefits to all and an efficient means to adjudication.  If many individuals were to proceed the courts would overrun with claims and also enables litigation where it might otherwise not occur if individual claims are small and/or class members are financially unable to fund litigation themselves, individual joinder is practically impossible.

88.    <u>Commonality</u>. There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact are shared among the Class Members as the deficiencies claimed herein have affected their mutual joint ownership of common areas, which include, without limitation:

a)      Whether the defendants represented and promised to provide services that fall within the services of a licensed Class A contractor in the Commonwealth of Virginia;

b)      Given the Defendants lack of requisite Class A contractor's license, whether the Defendants represented and promised to provide services that were illegal under Virginia Code §54.1-1101 (11); §54.1-1100; and §54.1-1115.

c)      Whether, by giving Plaintiff and the members of the class the Brookfield Agreement, the Defendants held themselves out as Owner-Developers that engaged in the sale of residential homes who represented that residential homes were built in accordance with all requirements which requires Owner-Developers to have a Class A contractor's license and their failure to do was in violation of Virginia Code §54.1-1101 (11); §54.1-1100; and §54.1-1115.

d)      Whether the Brookfield Agreement is unenforceable under §54.1-1115(C).

e)      Whether the Defendant's improper conduct was a violation of the Virginia Consumer Protection Act and what were the damages as a result of that conduct that the Plaintiff and the members of the class are entitled to as a judgment under the unenforceable agreement.

89.    <u>Typicality</u>. Plaintiff's claims are typical of those of other Class Members because they are all members of the class who entered into an Agreement for Sale with the Defendants that was illegal and unenforceable, and the Defendants conduct caused the Plaintiff and all members of the class to sustain damages as a result of the Defendant's misrepresentations and deceptive trade practices.   All such claims arise out of the same or substantially similar Brookfield

Agreement and each class member has identical legal claims and arguments that prove the Declarant's liability. All of the Plaintiffs and the Class Members were directly affected by the same Brookfield Agreement, which resulted in damages to all Class Members. The Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of the Defendant's unlawful and wrongful conduct. Furthermore, the factual bases of the Defendant's improper conduct are common to all Class Members and represent a common thread of violations of the Virginia Consumer Protection Act resulting in injury to all Class Members.

90.    <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiff's Counsel are competent and experienced in litigating class actions, including construction actions and intend to prosecute this action vigorously. In support of this proposition, Plaintiffs show:

(i)    The named Plaintiff is a member of the proposed class.

(ii)    The named Plaintiff has expressed interest in representing the class.

(iii)    The named Plaintiff is willing to participate in the litigation.

(iv)    The named Plaintiff has no interests adverse to other members of the class.

(v)    The named Plaintiff as suffered the same harm as the class.

91.    <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiffs and Class Members, in that all the Plaintiffs and Class Members purchased residential homes from the Defendants based on the illegal Brookfield Agreement. The substantive issues that control the outcome of the litigation and will predominate are whether or not the Brookfield Agreement is unenforceable and whether the Owner-Developers created by the Defendants were required to be Class A license contractors, which issues arise from Defendant's conduct which is common to all Class Members. The determination of this single set of law and factual questions

set out above that are common to all Class Members is the heart of the litigation and predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

92.    Superiority. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

93.    Defendants have acted on grounds that apply generally to the Classe Members as a whole, so that class certification and monetary damages are appropriate on a class-wide basis.

94.    All conditions precedent to bring this action have occurred or been waived.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Virginia Consumer Protection Act)

95.    Plaintiff incorporates by reference all prior paragraphs.

96. The Plaintiff, acting on behalf of the Class Members, are entitled, pursuant to Virginia Code §59.1-196 and §59.1-200(A)(46) and (60), to bring this representative action seeking relief against Brookfield Residential for the unlawful trade practices as set forth therein.

97. Applicable Plaintiffs qualify as both "Persons" and "Consumers" under the provisions

of Virginia Code § 59.1-196.

98. The claim arises in connection with the purchase, advertisement, marketing, engaging, soliciting, supervision, orders, and construction and sale of residential homes, which is a consumer transaction as defined by the VCPA.

99. The Defendants are suppliers as defined by the Virginia Consumer Protection Act ("VCPA") in that they are sellers and professionals who advertised, solicited, and engaged in a consumer transaction with the Plaintiffs.

100. The consumer transaction, as defined by Virginia Code §59.1-198, involved in this action include the "advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes."

101. "Goods" as defined by Virginia Code §59.1-198, "means all real, personal or mixed property, tangible or intangible."

102. "Services" as defined by Virginia Code §59.1-198, "includes but shall not be limited to (i) work performed in the business or occupation of the supplier."

103. "Supplier" as defined by Virginia Code §59.1-198, "means a seller, lessor, licensor, or professional who advertises, solicits, or engages in consumer transactions, or a manufacturer, distributor, or licensor who advertises and sells, leases, or licenses goods or services to be resold, leased, or sublicensed by other persons in consumer transactions."

104. As stated by Virginia Code §59.1-197, the VCPA is intended to be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public.

105. The Seller Defendants were engaged in the consumer transaction of selling a residential home to the Plaintiff and similarly situated Class Members. In the standard Brookfield

Agreement of sale, the Defendant Sellers made misrepresentations that the Defendants had built or were going to build residential homes in accordance with all local requirements and Virginia law. The Defendants did not have the requisite Class A contractor's license to solicit or engage in this consumer transaction. Such conduct is illegal and consulate a Class 1 Misdemeanor.

106.    As a result of this deception, the Plaintiff and the Class Members were subject to the following consumer protection act violations:

a.  The Seller Defendants were not licensed Class A contractors as required by Virginia law;

b.  Class Members were denied third-party beneficiary status in the contract between the Seller Defendants and Brookfield Management;

c.  Class Members were denied a Class A licensed contractor Owner-Developer;

d.  Class Members were denied their statutory warranties;

e.  Class Members were denied all remedies at law;

f.  The Seller Defendants misrepresented that they complied with all requirements for construction; and

g.   The Defendants misrepresented a fictious name in an attempt to avoid legal liability;

107.    The Defendants' conduct was misleading and illegal with respect to the Brookfield Agreement and their failure to be licensed.

108.    The Defendants violated the VCPA by engaging in the sale of a residential homes without being a licensed contractor and engaged in following deceptive trade practices all of which involved an interaction with a consumer transaction by:

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

a.      Using deception, fraud, false pretense, false promise, or misrepresentations in connections with a consumer transaction in violation of Virginia Code § 59.1-200(A)(14).  By their conduct and false promise illegal contract terms, Brookfield committed deception in connection with a consumer transaction.

b.      Misrepresenting the source, sponsorship, approval, or certification of goods or services. Virginia Code § 59.1-200(A)(2).

c.      Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another. Virginia Code §59.1-200(A)(3).

d.      Misrepresenting those goods or services are of a particular standard, quality, grade, style, or model. Virginia Code § 59.1-200(A)(6).

e.      Violating the provisions of clause (i) of subsection B of Virginia Code § 54.1-1115.

f.      Violating Va. Code § 59.1-200(A)(46) and (60).

g.      Violation of clause (i) of subsection B of Virginia Code § 54.1-1115.

h.      Such other concealment, misrepresentations, and deception that may be discovered during litigation of this case.

109.    The Plaintiff and Class Members would not have purchased a residential home from the Defendants had they known the truth that the Seller was an unlicensed entity.

110.    Brookfield violated the Virginia Consumer Protection Act § 59.1-200(A)(2) by representing that the consumer residential homes purchases by the Plaintiff and Class Members from the Seller Defendants were built in accordance with Virginia law and local requirements

which included the requirement that as an Owner-Developer were either a licensed Class A contractor or made the purchases a third-party beneficiary.  In addition, the Defendants were to furnish proof that they were duly licensed as a licensed Class A contractor, which they were not, or file a written statement that they were not subject to the licensure requirements.

111.    Brookfield violated the Virginia Consumer Protection Act §59.1-200(A)(6) by representing that the consumer residential homes purchases by the Plaintiff and Class Members from the Seller Defendants were built in accordance with Virginia law and local requirements which included the requirement that as an Owner-Developer they were required to be a licensed Class A contractor, which they were not.

112.    Brookfield violated the Virginia Consumer Protection Act §59.1-200 (A)(3) by misrepresenting the affiliation with Brookfield Washington by using an unregistered fictious name and attempting to use Brookfield Washington's Class A contractor's license instead of obtaining their own required license.

113.    Brookfield violated the Virginia Consumer Protection Act §59.1-200(A)(6) by misrepresenting that the Seller complied with all requirements when erecting the residential home, which implies the Seller would have knowledge of industry standards that only a Class A Contractor would have.

114.    Brookfield violated the Virginia Consumer Protection Act §59.1-200(A)(14) by falsely promising that the Seller would erect the Plaintiff's and Class Members' residential homes in accordance with local requirements which included being a license Class A contractor, which they were not and relying on misleading and illegal terms in an unenforceable Agreement to force the Plaintiff and Class Members to waive statutory warranties, all legal remedies and any third-party beneficiary status.

115.    Brookfield automatically violated §59.1-200(A)(46) and §59.1-200(A) (60) of the Virginia Consumer Protection Act by violating Virginia Code § 54.1-1115 by not obtaining the requisite Class A contractor's license for Owner-Developers, which violation continues to this day.

116.    As a direct and proximate result of Brookfield's violation of the Virginia Consumer Protection Act, Plaintiffs have suffered actual damages, or $500, whichever is greater, including but not limited to, costs to inspect, correct and complete all of the Defendant's defective work and building code violations, property damage, loss of money, mental anguish, emotional distress, costs for alternative housing pending the repairs, all other costs that may be discovered in the matter, plus all other consequential damages proven at trial.

117.    Brookfield's violation of the Virginia Consumer Protection Act was willful and consequently supports an award of treble damages or $1,000, whichever is G pursuant to Virginia Code §59.1-204(A).

118.    Pursuant to Virginia Code §59.1-204(B), Plaintiffs are entitled to an award of reasonable attorneys' fees and Court costs because of Brookfield's violation of the Virginia Consumer Protection Act.

119.    Pursuant to Virginia Code §59.1-206(E), the "right of trial by jury as provided by law shall be preserved in actions brought under this section."

## **COUNT II**
## **(Request For Declaratory Relief)**

57    Plaintiff incorporates herein by reference all previous paragraphs.

58    A justiciable controversy exits between the Plaintiff, Class Members and Defendants as to the legality of the Brookfield Agreement.

59    In light of the foregoing, Plaintiff respectfully invoke the authority of this Court under 28 U.S.C. 2201 of the United States Code to declare that:

a)  The Brookfield Agreement promised that the residential home would be constructed under Virginia Status and state and local requirements;

b)  That Seller Defendants were required to be licensed Class A contractors or had made the Class Members third-party beneficiaries of the contract between the Seller Defendants and Brookfield Management;

c)  Given the Seller Defendants' lack of the requisite Class A contractors licensed for Owner-Developers, the Brookfield Agreement promised to provide services that were illegal under Virginia Statutes and all building and construction requirements;

d)  By giving the Plaintiff and the Class Members the Brookfield Agreement, the Seller Defendants held themselves as providing services of a Class A licensed contractor in Virginia in violation of Virginia Statutes and all building and construction requirements;

e)   The Brookfield Agreement is illegal and unenforceable by the Defendants as defined in Virginia Statutes;

f)  Because of the Brookfield Agreements violations of the Virginia licensing statutes, the Plaintiff and Class Members are entitled to a judgment for damages sustained by said violations.

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs and the Class Members pray for judgment in their favor against

Defendant as follows:

1. For appointment of the undersigned counsel as class counsel;

2. Declaring this action to be a proper Class action maintainable pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff to be representatives of the Class Members;

3. For certification of a class with regard to the Plaintiffs' stated claims for relief;

4. For an award of $500.00 per day for each day that the Defendants are in violation of being unlicensed Class A contractors to each Class Member

5. For an award of all actual, compensatory, special, and consequential damages according to proof at trial, plus interest and attorney's fees.

6. For an award of actual damages or $500, whichever is greater, per violation of the Virginia Consumer Protection Act, the full number and extent of which is to be proven at trial;

7. For additional damages for the intentional violation of the Virginia Consumer Protection Act in the amount of three times the actual damages sustained, or $1,000, whichever is greater.

8. For an award of punitive damages sustained by Plaintiffs and the Classes as a result of the Defendants' conduct, together with pre-judgment interest;

9. For an award of  Plaintiffs and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiffs and the Classes' Counsel and experts, and reimbursement of expenses;

10. For equitable relief to declare Brookfield Washington and all of the Seller Defendants as unlicensed Class A contractors in the Commonwealth of Virginia and temporarily enjoin them from acting as an Owner-Developer until a hearing can be had and they are properly licensed and any other equitable relief that is deemed proper; and

11. For such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury on all issues.

Dated: February 28, 2022                    Respectfully submitted,


/s/ David Hilton Wise
David Hilton Wise, VSB# 30828
Joseph M. Langone, VSB#43543
WISE LAW FIRM, PLC
10640 Page Street, Ste 320
Fairfax, Virginia 22030
Tel:    (703) 934-6377
Fax:    (703) 934-6379
dwise@wiselaw.pro
jlangone@wiselaw.pro
*Counsel for Plaintiffs*

CLASS ACTION COMPLAINT
*Wilson v. Brookfield Washington, L.L.C., t/a Brookfield Residential*